THE DAVENPORT GLUCOSE MANUFACTURING COMPANY, RESPONDENT, *v.* ISAAC W. TAUSSIG AND OTHERS, APPELLANTS.

*Practice — striking out allegations from the complaint — action to recover a chattel wrongfully detained — when the facts showing the detention to be wrongful should be stated in the complaint — Code of Civil Procedure, sec. 1721.*

This action was brought against the defendants Taussig & Hammerschlag and their general assignee, Barricklo, to recover certain goods, or their value, which had been obtained from the plaintiff. The complaint alleged the sale of the goods by the plaintiff to the defendants Taussig & Hammerschlag ; that the latter were at the time hopelessly insolvent and made the purchase without intending to pay for the goods, but with the intention of failing and depriving the plaintiff of its goods without paying therefor; that the plaintiff believing that the said defendants were solvent, and having no knowledge of their insolvency or of their intention to fail, shipped the goods and drew drafts for the price thereof, payable one day after sight, which were not paid. The complaint then alleged that at or about the time of obtaining the said goods, and within a few months prior thereto, the said defendants mortgaged, transferred, removed, concealed and disposed of a part of their property with intent to defraud their creditors, and with the intent to obtain from the plaintiff and others goods, wares and merchandise and not pay for the same; that thereafter they failed and made a pretended general assignment to the defendant Barricklo, and thereby attempted to unlawfully transfer the goods belonging to the plaintiff to Barricklo; that at the time of the purchase of the goods the debts and liabilities of the purchasers amounted to $137,192.41, or thereabouts, and their contingent liabilities to the further sum of $93,931.16, while the actual value of their assets was $31,821.40, or thereabouts; that the plaintiff upon learning of the insolvency and fraud of the defendants disaffirmed the sale.

The defendants moved to strike out the allegations of the complaint, setting forth the fraudulent representations made by the defendants to induce sales by sellers other than the plaintiff, and those stating the amounts of the defendants' debts and liabilities, and the disaffirmance of the sale.

*Held,* that the motion was properly denied.

That as section 1721 of the Code of Civil Procedure required the complaint, in actions to recover a chattel founded upon its wrongful detention, to set forth the facts showing the detention to be wrongful, the plaintiff should not be required to incur any danger from an omission to state the facts sought to be stricken out.

*Quære,* as to whether the said section (1721) related to any cases other than those involving the detention of a chattel, *eo nomine,* when the possession thereof has been improperly usurped by the defendant and not procured by a sale fraudulently induced.

APPEAL from an order made at a Special Term denying a motion to strike out certain parts of the complaint.

*Henry Schmitt*, for the appellants.

*Aaron Pennington Whitehead* and *Richard Stacpoole*, for the respondent.

BRADY, P. J. :

This is an action for the claim and delivery of property. Its design is to recover goods, or their value, which were obtained by the defendants Taussig & Hammerschlag, to whom they were sold, by fraud, the charges being that they were insolvent, at the time of the purchase and made it with the intention preconceived of not paying for them.

The Code (§ 1721) provides that where the taking of the chattel is not complained of, but the action is founded upon its wrongful detention, the complaint must set forth the facts showing that the detention was wrongful. It may be questionable whether this provision relates to any other cases than those involving the detention of a chattel *eo nomine* and not procured by sale fraudulently induced, but to the possession of a chattel belonging to another improperly usurped. But assuming it applies to an action such as the present, the question is whether the allegations objected to are improperly inserted in the complaint.

The complaint alleges the sale of certain property mentioned. It then alleges that at the time of the purchase the defendants were hopelessly insolvent and concealed such insolvency from the plaintiffs, and made the purchase without intending to pay for the goods, purposing on the contrary to fail and stop business, knowing that the plaintiffs would be deprived of their goods without receiving any payment therefor; and further that the plaintiffs, believing that Taussig & Hammerschlag were solvent and responsible, and having no knowledge or information that they were not so or that they were about to fail or stop business, or that they did not intend to pay for the goods shipped them, and that they were received by Taussig & Hammerschlag, who took them fraudulently and without intending to pay for them ; and further that they drew drafts upon Taussig & Hammerschlag, payable one day after sight, which

were not paid.   It will be perceived that, except as to the sale and delivery of the goods, the allegations thus far are of conclusions, namely, that the defendants made the purchase when they were hopelessly insolvent, concealing such insolvency with a preconceived design not to pay for them, but to obtain and use them and fail.

The plaintiffs then proceed to set out facts which justify the conclusion thus stated, namely, that at or about the time of obtaining the goods from them and within a few months prior thereto, the defendant Taussig and Hammerschlag mortgaged, transferred, removed, concealed and disposed of a part of their property with intent to defraud their creditors, and with intent to obtain from the plaintiffs and others, goods, wares and merchandise, and not pay for the same; and that on the 17th of August, 1883, they failed in business and declared their insolvency; and that they thereupon made a pretended assignment of their property to the defendant Barricklo, for the alleged benefit of their creditors, with preferences, and that by that assignment they attempted to unlawfully transfer the goods belonging to the plaintiffs, or some part thereof, to the defendant Barricklo, and, further, that at the time of making the contract of sale, their direct debts and liabilities amounted to $137,192.41, or thereabouts, and their contingent liabilities to the further sum of $93,931.16, making the total of their liabilities $231,122.57, or thereabouts ; while the actual value of their assets was $49,821.40, or thereabouts, less $18,000 pledged as collateral, leaving the actual value of their assets only $31,821.40, or thereabouts.   And they further allege that having learned of the insolvency of these defendants, and of their fraud in the purchase, they disaffirmed the sale and allege, as they are advised, that no title ever passed to these defendants, or from them to Barricklo, and that a certain number of barrels of glucose were still their property.

The defendants seek to strike out the allegation of the debts and liabilities in figures which has just been narrated, and also the paragraph alleging the disaffirmance of the sale, and further a statement of fraudulent representations made by the defendants Taussig & Hammerschlag to other sellers and by which sales were accomplished.

It is very clear that in respect to the allegation as to the indebtedness mentioned and the allegation as to the disaffirmance of the

sale, the order of the court below is correct. These elements of the pleading should not be disturbed. They are essential facts bearing upon the allegation of insolvency, its fraudulent suppression, and the design in making the purchase under the circumstances disclosed.

After due consideration of the other allegations objected to, namely, of fraudulent representations made to others, by which property was obtained, the same conclusion has been arrived at. The propriety of these averments seems to be unquestionable. The goods obtained from the plaintiffs were not procured by any representations, but by the suppression of the truth with a preconceived fraudulent design. The courts have held that proof of similar representations to those alleged by the plaintiffs may be given in evidence, for the purpose of establishing the general fraudulent design. (*Hall* v. *Naylor*, 18 N. Y., 588; *Hennequin* v. *Naylor*, 24 id., 139; *Hathorne* v. *Hodges*, 28 id., 486; *Van Kleek* v. *Le Roy*, 4 Abb. [N. S.], 431.) And these representations are facts upon which the plaintiffs rely to establish the existence of the fraudulent intent and without which their case might be insufficient. They are not irrelevant, they are not redundant and they are not frivolous. They are as suggested, essential facts, in conjunction with others, leading to the truth of the conclusion stated, namely, that the purchase was made from the plaintiffs fraudulently, and with a preconceived design not to pay for the goods obtained. The defendants cannot be injured by the statement of them; on the contrary, it is quite clear that being thus advised of the different elements composing the plaintiffs' charge they would be better prepared to meet it.

The plaintiffs should not be required to incur any danger from the omission of these facts in contemplation of the provisions of section 1721 of the Code of Civil Procedure, to which reference has already been made, or from any other consideration. It is true that a statement which is merely evidence, and not of the facts constituting the claim, should be stricken out. But this does not apply to an action in which all the facts to be stated and the evidence of them are synonymous.

The objection to the allegations involving the fraud set out in the complaint cannot be entertained upon the proposition that answering them would subject the party against whom they are

made to a criminal prosecution, for the reason that by section 323 of the Code the verification may be omitted in a case where it is not otherwise specially prescribed by law, where the party pleading would be privileged from testifying as a witness concerning an allegation or denial contained in the pleading, and therefore as to these allegations the verification in the defendants' answer may be omitted.

This is one of the consequences resulting from the plaintiffs adopting the form of pleading presented in this case. It may be that if the allegations objected to in reference to the fraud were omitted, the defendants would be estopped from taking an objection upon the trial to their omission, in consequence of their successful effort to have them stricken out, but inasmuch as the law contemplates the insertion of them, and they have been properly inserted, the objections to them must necessarily fail.

It is thought, therefore, that the order made in the court below denying the motion to strike out the matter considered was properly made, cannot be interfered with, and should be affirmed.

Ordered accordingly, with ten dollars costs and the disbursements of the appeal.

Daniels, J., concurred.

Present — Brady, P. J., and Daniels, J.

Order affirmed, with ten dollars costs and disbursements.